772 F.2d 908
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARY ANN BENTLEY THOMPSON, PLAINTIFF-APPELLANT,
v.
SHELBY COUNTY, TENNESSEE, SHELBY COUNTY SHERIFF, EUGENE
BARKSDALE AND CAROLYN CHILDS, DEFENDANTS-APPELLEES.
 NO. 83-5365
 United States Court of Appeals, Sixth Circuit.
 8/12/85
 
 W.D.Tenn.
 REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 Before: MERRITT, MARTIN, and JONES, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mary Ann Thompson appeals the dismissal of her 42 U.S.C. Sec. 1983 complaint for failure to state a claim upon which relief can be granted.
 
 
 2
 On July 17, 1981, Thompson was an inmate at Shelby County Jail East. At approximately 12:15 p.m., she was standing in the doorway of her cell when the cell door suddenly closed on her wrist. The wrist was badly fractured and required surgical repair. Thompson incurred medical expenses in excess of $10,000.
 
 
 3
 Subsequently, Thompson filed suit against the jailers and Shelby County under 42 U.S.C. Sec. 1983. Her complaint advanced two theories of recovery: (1) that she was deprived of a liberty interest without procedural due process and (2) that she was subjected to cruel and unusual punishment.[1] The defendants moved for and were granted a dismissal of her complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).
 
 
 4
 On appeal, Thompson has abandoned her eighth amendment claim[2] and argues only that the jailers' negligence in maintaining and operating the cell door deprived her of her liberty interest in freedom from assault without procedural due process. In Wilson v. Beebe, Nos. 82-1362, 82-1385 (6th Cir. 8, 12, 1985), this Court clearly held that a negligent deprivation of a liberty interest can state a section 1983 procedural due process claim but that the plaintiff must plead and prove the absence of adequate state remedies as part of such a claim. In this case, the district court simply dismissed plaintiff's claim because '[n]othing in plaintiff's complaint . . . indicates that the conduct complained of rises to the level of a constitutional claim.' Under Wilson v. Beebe, however, the appellant clearly can state a procedural due process claim if she can prove the inadequacy of state remedies. Accordingly, we remand this case to the district court to give Thompson an opportunity to plead and prove that state law remedies are indequate.[3]
 
 
 
 [1]
 Construed liberally, Thompson's complaint could also be read to claim a substantive due process violation. In Wilson v. Beebe, Nos. 82-1362, 82-1385, slip op. at _____ (6th Cir. 08, 12 1985) (en banc), this Court recognized that a plaintiff could state a substantive due process claim if the governmental act that caused her injury was of the type that 'may not take place no matter what procedural protections accompany them' or 'shocks the conscience of the court.' To prove such a substantive due process violation, however, the injury must be the result of some intentional governmental act. Wilson v. Beebe, slip op. at _____. In this case, appellant recognized in her brief that the government's conduct at most amounted to gross negligence. She therefore cannot state a substantive due process violation
 
 
 [2]
 We note that Thompson's eighth amendment claim is without merit. The pleadings allege only that the jailers knew or should have known that the cell door was not functioning properly and/or that they were negligent in closing the door while Thompson was standing in the doorway. This is hardly the kind of 'deliberate indifference' to Thompson's rights that is necessary to state an eighth amendment claim for injuries incurred while incarcerated. See Estelle v. Gamble, 429 U.S. 97, 105 (1976)
 
 
 [3]
 We note that Thompson has also filed a state tort claim for the same injury. Thompson argues, however, that this state remedy is inadequate because it limits her damages to $20,000. She has claimed $750,000 in damages in her section 1983 complaint. Under our reading of the Tennessee statute, the current minimum liability is $40,000 with possibility of higher liability if the County's insurance coverage is higher. See Tenn. Code Ann. Secs. 29-20-311, 29-20-403. Whether these limitations make Thompson's state remedy inadequate is a question to be resolved in the first instance by the trial court